**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4465**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

MAYER OLEDA NUNEZ, a/k/a Looney,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:22-cr-00303-D-RN-1)

_____

Submitted:  December 14, 2023                    Decided:  December 19, 2023

_____

Before GREGORY and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:** Marilyn G. Ozer, Chapel Hill, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mayer Oleda Nunez appeals his conviction and the 216-month sentence imposed following his guilty plea to distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). On appeal, Nunez's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the district court's calculation of the Sentencing Guidelines range. Though notified of his right to do so, Nunez has not filed a pro se supplemental brief. The Government now moves to dismiss based on the appeal waiver contained in Nunez's plea agreement. For the reasons that follow, we affirm in part and dismiss in part.

We review the validity of an appeal waiver de novo. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Thornsbury*, 670 F.3d at 537.

Our review of the record confirms that Nunez knowingly and intelligently executed the appeal waiver, the terms of which broadly preclude him from appealing his conviction

2

and sentence.  Thus, we grant the Government's motion to dismiss as to any issues falling within the waiver's scope, including the Guidelines issues raised by *Anders* counsel.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore grant the Government's motion to dismiss in part, dismiss the appeal as to all issues within the waiver's scope, and affirm the remainder of the judgment.  This court requires that counsel inform Nunez, in writing, of the right to petition the Supreme Court of the United States for further review.  If Nunez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Nunez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*